COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


JOHN THOMAS LEWIS, JR.
                                        MEMORANDUM OPINION[*]
v.          Record No. 1483-96-1      BY JUDGE JOSEPH E. BAKER
                                           MAY 20, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF YORK COUNTY
                     Samuel T. Powell, III, Judge

          George U. Brooks, III (Dwight G. Rudd; Wood &
          Brooks, on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     John Thomas Lewis, Jr. (appellant) appeals from his bench

trial convictions by the Circuit Court of York County (trial

court) for possession of cocaine and possession of a firearm

(gun) while in possession of cocaine.  Appellant asserts that the

cocaine and gun were discovered as a result of an illegal stop

and search of his motor vehicle and, therefore, contends that the

trial court erroneously denied his motion to suppress the drug

and gun evidence.

     Upon familiar principles, we state the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Stated accordingly, the record discloses that at about 10:35 p.m. on September 7, 1995, appellant and a passenger were traveling eastbound on Route 143. Appellant was driving a 1992-93 Pontiac Grand Am loaner vehicle which had tinted rear windows. At the same time, Deputy Sheriff Paul Osborne (Osborne) of the York County Sheriff's Department was traveling westbound on Route 143. Osborne observed that appellant's vehicle had tinted windows that appeared to be darker than permitted by Code § 46.2-1052.

Osborne pursued appellant and initiated a stop to investigate whether the window tinting was in violation of the statute. As Osborne first approached the vehicle, he immediately smelled a strong and distinct odor of marijuana. Because he had been trained as a police officer to immediately associate the presence of narcotics with the possible presence of weapons, Osborne testified that he was alerted to the possibility that the occupants of the vehicle might be armed and dangerous.

Osborne first ran a check on appellant's driver's license. Then, using a window testing device Osborne found that the window tinting was close to the legal limitation set forth in Code § 46.2-1052. Appellant conceded in oral argument that the tinting was close to the limitation set forth in the Code.

After other officers arrived at the scene, Osborne decided to require appellant to step out of the car and conducted a "frisk" search of the vehicle for weapons. During the search of the vehicle, Osborne found a gun in a box under the driver's

seat.  Next to the gun, Osborne found a small plastic baggie containing cocaine.  Lastly, Osborne found another plastic baggie containing marijuana in a storage pocket located on the driver's door panel.

Appellant contends that his vehicle was unlawfully stopped by Osborne and that the search of his vehicle was made in violation of the Fourth Amendment to the United States Constitution.  He argues that at trial the police officer failed to articulate reasonable suspicion that a crime was being committed which would justify the stop and the search.  We disagree.

> In determining whether an "articulable and reasonable suspicion" justifying an investigatory stop of a vehicle exists, courts must consider "the totality of the circumstances--the whole picture," . . . and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer.

Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989).  In doing so, courts should of course take "into account that 'trained law enforcement officers may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer.'"  Brown v. Commonwealth, 17 Va. App. 694, 698, 440 S.E.2d 619, 621 (1994).

Code §§ 46.2-1052(C)(4) and 46.2-1052(C)(1) prohibit a motorist from driving a vehicle in which sunshading or tinting film has reduced "the total light transmittance of [the rear]

window to less than thirty-five percent."  Osborne testified that when he first observed the windows of appellant's vehicle, they appeared to be in violation of the Code.  Osborne tested the windows and discovered that the rear window was close to the limitation in Code § 46.2-1052, but not in violation.[1]  Appellant conceded in oral argument that the windows were close to the limitation.  The trial court found that Osborne's testimony articulated a reasonable suspicion justifying the investigatory stop of appellant's vehicle.  We cannot say that finding was plainly wrong or without evidence to support it.  See Code § 8.01-680; Higginbotham, 216 Va. at 352, 218 S.E.2d at 537.

Having lawfully stopped appellant and determined the vehicle probably contained a drug prohibited by law, Osborne had probable cause to search the vehicle in which the cocaine and firearm were discovered.  See United Stated v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995); United States v. Haley, 669 F.2d 201, 203-04 (4th Cir. 1982).  Therefore, the search was constitutionally permissible.

For the reasons stated, the judgments of the trial court are affirmed.

Affirmed.

---

[1]Code § 46.2-1052(D) allows a "tolerance of minus seven percentage points" in measuring light transmittance.  Osborne testified that appellant's window was "off by five percent" and "within the seven percent variance."